UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-57-JHM

**GEORGE KEVIN QUINN**                                                                                           **PLAINTIFF**

**v.**

**BARACK OBAMA** *et al.*                                                                                         **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Kevin Quinn filed the instant *pro se* 42 U.S.C. § 1983 action. At the time he filed this suit, Plaintiff was incarcerated at the Daviess County Detention Center. The Court granted Plaintiff's prisoner application to proceed without the prepayment of fees (DN 14). However, Plaintiff subsequently filed a notice of change of address indicating that he had been released from incarceration. The Court then ordered Plaintiff to pay the balance of the filing fee or file a non-prisoner application to proceed without the prepayment of fees (DN 19). Plaintiff filed a non-prisoner application (DN 21), which is **GRANTED**.

This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed this action on the Court's prisoner 42 U.S.C. § 1983 form. Plaintiff sues the following Defendants: President Barack Obama; Claude Porter, whom Plaintiff identifies as a prosecutor at the Morton Holbrook Judicial Center; Judge Goff, whom Plaintiff identifies as a District Judge at the Morton Holbrook Judicial Center; Alex DeGrand, whom Plaintiff identifies

as a public defender at the "DAC.P.D (Public Advocacy on Frederica)"; and Christie Robinson, whom Plaintiff identifies as a social worker at "D.C.B.S."

As his statement of the claim, Plaintiff states as follows:

(1) I was raped by Jimmy Williams using a date rape drug in 1986 at Green River Boys Camp in Cromwell, KY (Rape of a minor)
(2) My son Jadon has been kidnapped since 2007 by Christie Robinson lieing under oathe to Judge Joe Castlin and blaming Judge Lisa Jones. (Kidnapping)
(3) Claude Porter has witnessed the kidnapping for years and on purpose covers it up. (Abusing a mentally ill person[)]
(4) Judge Goff gave me a contemt charge when he was instructed by Judge Joseph McKinley not to be able to be presiding over my juvenile case. (Abusing a mentally ill person[)]
(5) Barack Obama has on purpose persuaded Eric Holder to dismiss these and more claims. (Abusing a mentally ill person[)]
(6) Alex DeGrand won't spend even 1 hour researching my case (Abusing a mentally ill person[)]

(Emphasis by Plaintiff omitted.) As relief, Plaintiff seeks injunctive relief in the form of "renting the vacant hous at Chatauqua Park for $100.00 a month till Quinn die!" He also seeks "Full presidential pardon, and the location of Jimmy Williams who raped me and all audio and video tapes of juvenile and criminal hearings of Quinn so he can take them to Hollywood to sell!" He states that there is "organised crime hidden in those tapes with several judges included!"

Plaintiff and his allegations are well-known to this Court. For this reason, the Court entered an Order (DN 5) observing that, where page 3 of the complaint form asked, "Have you begun other lawsuits in State or Federal court dealing with the same facts involved in this action?" Plaintiff responded, "No." However, the Court indicated that it was aware of previous lawsuits filed by Plaintiff alleging the same claims made in this lawsuit. Therefore, the Court ordered Plaintiff to complete page 3 of the complaint form again and resubmit it. Plaintiff re-filed page 3 of the complaint form (DN 7) and again checks the box for "No" where the form asks, "Have you begun other lawsuits in State or Federal court dealing with the same facts

involved in this action?" Where the form asks for the disposition of any previous cases, Plaintiff states, "Dismissed every time for no reason but the love of money. I want the hard evidence in my possession to sell to the public."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint

3

in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

### *Allegation of 1986 rape*

Plaintiff states that he was raped by Jimmy Williams in 1986 at the Green River Boys Camp. Plaintiff does not name Williams as a Defendant. Nor does he state how any of the named Defendants could be held liable in connection with this allegation. To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Because Plaintiff has not alleged that any Defendant was personally involved in the alleged rape, this allegation fails to state a claim upon which relief may be granted and must be dismissed.

### *Judge Goff*

Plaintiff claims that Judge Goff gave him a contempt charge "when he was instructed by Judge Joseph McKinley not to be able to be presiding over my juvenile case." First, Plaintiff cannot bring a § 1983 suit for damages against a judge because, under the doctrine of judicial immunity, judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity from suit

4

can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither exception applies here. Any claim against Judge Goff for monetary damages is, therefore, barred by judicial immunity.

Moreover, to the extent that Plaintiff seeks only injunctive relief, even if it were relief which could be awarded by the Court, injunctive relief is not available under 42 U.S.C. § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief is also barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Furthermore, Plaintiff's allegation against Judge Goff is wholly without merit as the undersigned has never "instructed" any judge whether or not he or she may preside over Plaintiff's case. For these reasons, the claim against Judge Goff will be dismissed.

### *Robinson and Porter*

Plaintiff alleges that Robinson kidnapped his son in 2007 and lied under oath and that Porter witnessed the kidnapping and covered it up. As the Court pointed out in its previous Order (DN 5), Plaintiff has made these same allegations against Robinson in several previous actions. *See, e.g.*, *Quinn v. City of Owensboro, Ky.*, Civil Action No. 4:13CV-78-JHM; *Quinn v. C.I.A.*, Civil Action No. 4:12CV-135-JHM; and *Quinn v. City of Owensboro*, Civil Action No. 4:08CV-100-JHM. In *Quinn v. City of Owensboro, Ky.*, Civil Action No. 4:13CV-78-JHM,

Plaintiff brought the same § 1983 claims against both Robinson and Porter as he brings here. The Court dismissed the claims against Robinson and Porter for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e).

The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *United States v. McMichael*, 525 F. App'x 388, 392 (6th Cir. 2013). Where jurisdiction in the prior litigation was based on a federal question, a federal court applies federal law in determining the preclusive effect of a prior federal judgment. *See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n.12 (1971) ("It has been held in non-diversity cases since *Erie R. Co. v. Tompkins*, that the federal courts will apply their own rule of *res judicata*.") (internal quotation marks and citation omitted)). The elements of *res judicata* under federal law are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. Gen. Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (per curiam).

A dismissal of a complaint pursuant to the provisions of § 1915(e) "constitutes an adjudication on the merits for purposes of *res judicata*." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Smith v. Morgan*, 75 F. App'x 505, 507 (6th Cir. 2003)). The dismissal of claims under § 1915(e)(2)(B) "creates a *res judicata* bar to the presentation of further *in forma pauperis* cases raising the same claims." *Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001); *see also Harmon v. Webster*, 263 F. App'x 844, 845-46 (11th Cir. 2008) (per curiam)

6

(dismissal of prior complaint under § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes). Thus, the first element is satisfied.

The second, third, and fourth elements are also satisfied. Both this action and Civil Action No. 4:13CV-78-JHM involve the same parties. The allegations raised in this complaint against Robinson and Porter are the same as the allegations raised in his prior action. Finally, there is an identity of claims. Identity of claims means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). Both actions involve allegations that Robinson kidnapped Plaintiff's son and Porter covered it up.

In the present action, Plaintiff is simply trying to re-litigate claims that he lost as part of his prior action. As such, these claims are barred by the doctrine of *res judicata* and, therefore, must be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted.

### *DeGrand*

Plaintiff claims that DeGrand, a public defender, "won't spend even 1 hour researching my case. (Absuing a mentally ill person)." It is unclear from this one-sentence allegation what claim Plaintiff is attempting to bring against DeGrand. Broadly construing the allegation, the Court will construe the claim as alleging that DeGrand is Plaintiff's public defender in a pending case and that DeGrand has not adequately researched or prepared for his defense.

However, public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a

7

criminal proceeding."). Therefore, Plaintiff's § 1983 claim against DeGrand will be dismissed for failure to state a claim upon which relief may be granted.

### *President Obama*

Plaintiff claims that President Obama has "persuaded Eric Holder to dismiss these and more claims. (Abusing a mentally ill person[)]." The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. at 33 (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible").

Here, Plaintiff's allegation that President Obama persuaded former Attorney General Holder to dismiss Plaintiff's claims demonstrates no legal theory upon which a valid federal claim may rest. The Court finds that the allegation is delusional and fantastic. Therefore, the Court will dismiss this claim on the basis of frivolousness. *See Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

For the foregoing reasons, the complaint will be dismissed by separate Order.

### **IV.**

"Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose." *See*


*Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512, 519 (6th Cir. 2002)).  The Court finds that Plaintiff's continued filing of lawsuits concerning the alleged 2007 "kidnapping" of his son by a social worker and a judge despite the same claims being previously dismissed is abusive, wasteful of judicial resources, and vexatious.  Therefore, **the Court WARNS Plaintiff that any additional lawsuits repeating these allegations will result in sanctions imposed against him**, including potential monetary sanctions and filing restrictions.

Date:   November 29, 2016

                                              **Joseph H. McKinley, Jr., Chief Judge**
                                              **United States District Court**

cc:     Plaintiff, *pro se*
       Defendants
4414.010